UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION


| | | |
|---|---|---|
| SCOTT D. LEVY, | : | NO. _____ |
| | : | |
| Plaintiff, | : | |
| vs. | : | DIV. _____ |
| | : | |
| PAUL PRESLEY CRABTREE III, | : | |
| | : | JUDGE _____ |
| Defendant. | : | |

---

### ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Scott D. Levy ("LEVY"), the plaintiff, complains of Paul Presley Crabtree III ("CRABTREE"), defendant, and for cause of action shows:

### PARTIES

1.      The Plaintiff, SCOTT D. LEVY is an individual who resides in Houston, Harris County, Texas.

2.      Defendant, Paul Presley Presley Crabtree III, is an individual residing in Houston, Harris County, Texas.  Paul Presley Crabtree III may be served with citation at 5607 Goettee Circle, Houston, Texas 77091.

### SUMMARY OF THE CASE

3.      The action is brought under the civil remedy provisions of the organized crime act, 18 U.S.C. § 1961 *et seq*., the Racketeering Influenced Corrupt Organizations Act (the "RICO Act"). Defendant PAUL PRESSLEY CRABTREE and other co-conspirators have been engaged in a pattern of organized crime in violation of 18 U.S.C. § 1961 *et seq*., as set forth herein.  The

action also arises out of 18 U.S.C. 2511(1)(c) and (d), which imposes civil liability against criminal conduct as defined in the Wiretap Act.  Defendant CRABTREE and his accomplices and co-conspirators engaged in the intentional actual and/or attempted interception, use, disclosure, or procurement of another person to intercept or endeavor to intercept LEVY's wire, oral, or electronic communication.

JURISDICTION & VENUE

4.      The Court has jurisdiction under 28 U.S.C. § 1331.

5.      The criminal acts and illegal conduct described below occurred in Houston, Texas and elsewhere. Venue is proper in this district under 18 U.S.C. § 1961 *et seq*.

RELATIONSHIP OF THE PARTIES

6.      The defendant CRABTREE is a person unknown to LEVY.  Defendant CRABTREE engaged in stalking plaintiff LEVY and LEVY's child.  CRABTREE stalked LEVY on multiple occasions and locations, including but not limited to 1910 Bering Street, Houston, Texas 77057, the Bering Street Church of Christ.

7.      LEVY's email and electronic communications, moreover, were interfered with during the period in question.  LEVY's email account hosted by Apple computer was tampered with, and all of LEVY's emails from April 2020 to April 2021 were intercepted and were completely deleted.  The time period that such deleted emails were intercepted coincides with the time period Defendant CRABTREE was stalking LEVY.  LEVY does not know the identity of the persons who conspired with and have acted in concert with Defendant CRABTREE.

8.      Moreover, LEVY's mail from the U.S. Postal Service at both his home address and at his Post Office Box has been intercepted, tampered with, disrupted, removed, destroyed, and otherwise is being kept from LEVY in violation of 18 U.S.C. § 1341.  All such illegal actions

relating to LEVY's mail coincide with the time period Defendant CRABTREE was stalking LEVY. LEVY does not know the identity of the persons who conspired with and have acted in concert with Defendant CRABTREE.

9.      In addition, during the time period Defendant CRABTREE was stalking LEVY, attempts were made to monitor LEVY's internet activity, including calls made by LEVY on the Zoom platform. All such illegal actions relating to LEVY's calls made on the Zoom platform coincide with the time period Defendant CRABTREE was stalking LEVY. LEVY does not know the identity of the persons who conspired with and have acted in concert with Defendant CRABTREE.

10.     In addition, on September 2, 2021, LEVY's bank account number 56-2060884 at Frost Bank in Houston, Texas was accessed by an unknown person who obtained counter checks by falsely impersonating LEVY in violation of 18 U.S.C. § 1344. Frost Bank is insured by the Federal Deposit Insurance Corporation. LEVY does not know the identity of the persons who conspired with and have acted in concert with Defendant CRABTREE.

11.     In addition, LEVY's computerized list of contacts, also called an electronic rolodex, has been tampered with, intercepted, altered, deleted, and removed during August and September 2021. LEVY does not know the identity of the persons who conspired with and have acted in concert with Defendant CRABTREE.

## PREDICATE RICO AND WIRETAP VIOLATIONS

12.     CRABTREE committed the crime of witness tampering against LEVY in violation of 18 U.S.C. § 1512.

13.     CRABTREE and his co-conspirators committed the crime of interfering with and intercepting LEVY's electronic communications and telephone communications, or attempting to do so, in violation of the federal Wiretap Act, 18 U.S.C. § 2511 *et seq*.

14.     CRABTREE and his co-conspirators interfered with LEVY's mail carried by the U.S. Postal Service in violation of 18 U.S.C. § 1341.

15.     CRABTREE and his co-conspirators accessed LEVY's bank account at Frost Bank in violation of 18 U.S.C. § 1344.

16.     CRABTREE conspired with other persons to commit the criminal acts defined in 18 U.S.C. § 1341, 18 U.S.C. § 1344, 18 U.S.C. § 1349, 18 U.S.C. § 1512, all in violation of 18 U.S.C. § 371.

17.     CRABTREE and his co-conspirators attempted to commit the criminal acts defined in 18 U.S.C. § 1341, 18 U.S.C. § 1349, 18 U.S.C. § 1512, all in violation of 18 U.S.C. § 1349.

## CRIMINAL ENTERPRISE

18.     Defendant CRABTREE and all persons who acted in concert with Defendant CRABTREE, have engaged in the criminal conduct described in the preceding paragraphs, and in other criminal conduct unknown to Plaintiff LEVY as this time, including CRABTREE's accomplices and co-conspirators, and all those persons or entities who paid, procured, induced, and/or acted in active concert or participation with them.

19.     Every person who aided, abetted, planned, hired, paid, directed, organized, and/or agreed with Defendant CRABTREE to stalk LEVY and LEVY's child, and/or every person who participated in the criminal conduct described above, before the fact, is criminally liable the same as for the hands-on commission of the offense to the full extent as Defendant CRABTREE.  All

such accomplices are equally liable to Plaintiff LEVY under 18 U.S.C. § 371, 18 U.S.C. § 1349, 18 U.S.C. § 1961 *et seq.*, and under 18 U.S.C. 2511(1)(c) and (d).

20.     CRABTREE, his co-conspirators, and accomplices are part of a criminal enterprise and have engaged in a pattern of racketeering activity as defined in 18 U.S.C. § 1961 *et seq.*, (the "RICO Act").

## WIRETAP ACT VIOLATIONS

21.     Defendant CRABTREE conspired to, and did in fact, or attempted to, violate the Wiretap Act by having LEVY's cellular phone, emails, texts, electronic rolodex, contacts, internet search activities, and Zoom calls intercepted and tapped.

22.     Defendant CRABTREE engaged in the intentional actual or attempted interception, use, disclosure, or "procure[ment] [of] any other person to intercept or endeavor to intercept [] Levy's wire, oral, or electronic communication."

23.     CRABTREE and his co-conspirators are civilly liable under the Wiretap Act, 18 U.S.C. § 2511(1)(c) and (d); 18 U.S.C. § 371; and 18 U.S.C. § 1349; for illegally intercepting LEVY's electronic communications, and for attempting to do so.  CRABTREE's accomplices and co-conspirators knew or had reason to know that the interception of LEVY's electronic communications was unlawful.  Moreover,  CRABTREE's employer, and CRABTREE's co-conspirators actively planned and encouraged CRABTREE to violate the Wiretap Act.

## PENDANT STATE CLAIMS

24.     Defendant CRABTREE engaged in stalking LEVY on more than two occasions, which is a felony under the Texas Penal Code.

25.     Defendant CRABTREE engaged in witness tampering which is a felony under the Texas Penal Code.

26.     Defendant CRABTREE committed an assault with the threatened use of a vehicle as a deadly weapon which is a felony under the Texas Penal Code.

## TREBLE AND EXEMPLARY DAMAGES

27.     CRABTREE is liable to LEVY for treble damages as provided for under 18 U.S.C. 1961 *et seq.*

28.     CRABTREE is liable to LEVY for exemplary damages as provided by Tex. Civ. Prac. & Rem. C. Chap. 33.  The law of Texas provides no cap on punitive damages against Defendant CRABTREE whose criminal violates specified provisions of the Texas Penal Code.  In this case, Plaintiff's recovery of exemplary damages against Defendant CRABTREE is not subject to the caps set forth in Tex. Civ. Prac. & Rem. C. Chap. 33.

## ATTORNEY'S FEES

29.     LEVY seeks recovery of all reasonable and necessary attorney's fees incurred in prosecuting these claims against Defendant CRABTREE pursuant to 18 U.S.C. 1961 *et seq.*, 18 U.S.C. 2511, and as provided under Texas state law.

## PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

30.     LEVY requires injunctive relief to prevent CRABTREE from stalking LEVY and LEVY's child.  LEVY further requires injunctive relief to prevent CRABTREE from interfering with or intercepting LEVY's electronic communications and U.S. mail; LEVY further requires injunctive relief to prevent CRABTREE from disclosing, transmitting, or transferring any of LEVY's electronic communications that have previously been intercepted.  LEVY also requires injunctive relief to prevent CRABTREE from interfering with or intercepting LEVY's telephone communications; LEVY further requires injunctive relief to prevent CRABTEE from disclosing,

6

transmitting or transferring any of LEVY's telephone conversations, emails, U.S. mail, Zoom recordings, electronic rolodex, and internet activity that have been intercepted by Defendant CRABTREE and/or the accomplices who aided, abetted, or worked in concert with CRABTREE.

31.     LEVY has alleged causes of action against CRABTREE, as indicated in this petition.

a.     LEVY has shown a probable right of recovery and likelihood of success on the merits, that LEVY will suffer imminent, irreparable harm without Court intervention, and that there is no adequate remedy at law.

b.     As a direct and proximate result of the CRABTREE and his co-conspirators' criminal actions as alleged herein, LEVY has suffered and will continue to suffer imminent injury that will be irreparable and for which no adequate remedy at law exists without the protections of a temporary restraining order and injunctive relief.  LEVY is willing to post the necessary reasonable bond to facilitate the injunctive relief requested, which bond should be minimal.

c.     The "Restrained Parties" should include Defendant CRABTREE; and those persons or entities who paid Defendant CRABTREE; and all of CRABTREE's co-conspirators, accomplices, agents, servants, employers, employees, independent contractors, attorneys, representatives, and everyone who conspired and/or worked in active concert or participation with any of them collectively:

(1)     Enjoining Defendant CRABTREE, his accomplices and co-conspirators from every again approaching LEVY and LEVY's child;

(2)     Enjoining the Defendant CRABTREE from direct or indirect use or disclosure of the plaintiff LEVY's electronic communications that were intercepted by Defendant

CRABTREE, including by CRABTREE's co-conspirators, agents, servants, employers, employees, independent contractors, attorneys, representatives, and those persons or entities in active concert or participated with them (collectively, the "Restrained Parties");

(3)    Enjoining Defendant CRABTREE from direct or indirect use or disclosure of LEVY's Zoom, telephone communications, electronic rolodex, internet activity, that was intercepted by Defendant CRABTREE, including CRABTREE's agents, servants, employers, employees, independent contractors, attorneys, representatives, and those persons or entities in active concert or participation with them (collectively, the "Restrained Parties");

(4)    Enjoining CRABTREE from destroying or deleting of any documents, texts, emails, evidence or record, electronic or otherwise, that relates to any matter implicated by this lawsuit or pertaining to LEVY, including but not limited to all hard drives, backups, archives, and other possible sources of stored metadata or information;

(5)    Enjoining CRABTREE from destroying or deleting of any gps data (global position system) on defendant's cell phone and in CRABTREE's vehicle which will show all times when CRABTREE was present at 1910 Bering Drive, Houston, Texas 77057.

<u>EXHIBITS</u>

32.    Attached and incorporated hereto are EXHIBITES 1-4, which are true and correct photographs of Defendant PAUL PRESSLEY CRABTREE in his vehicle parked at 1910 Bering Drive, Houston, Texas 77057.

33.    LEVY photographed Defendant CRABTREE stalking LEVY and LEVY's child on April 21, 2021 and on a prior date, directly across the street from LEVY's home.

. 34.     Upon information and belief, Defendant CRABTREE owns a firearm.   On information and belief, CRABTREE was carrying such firearm and/or other deadly weapons on all occasions when he stalked LEVY and LEVY's child.

35.     In a show of force and intimidation, CRABTREE on April 21, 2021 backed his vehicle up over one-hundred feet (100') to within three feet away of where LEVY was standing with LEVY's seven year old child, at 1910 Bering Drive, Houston, Texas 77057.

36.     Upon information and belief, in an additional show of force and intimidation the following day, CRABTREE's accomplices and co-conspirators gained illegal entry into the gated premises of LEVY's home on April 22, 2021.   CRABTREE's accomplices and co-conspirators waited in parked vehicles next to sidewalk adjoining LEVY's home.

<u>NOTICE OF LIS PENDENS</u>

37.     Concurrent with this filing, LEVY is filing a notice of lis pendens in the Official Public Records of Harris County, Texas, against Defendant PAUL PRESSLEY CRABTREE's Property situated in Harris County, Texas, identified as 5607 Goettee Circle, Houston, Texas 77091.  Upon information and belief, Defendant CRABTREE used a portion of the proceeds of CRABTREE's criminal enterprise against LEVY and LEVY's child to make mortgage payments on said Property.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, LEVY respectfully prays for the following relief:

i.     Upon hearing, a temporary injunction as fully set forth above prohibiting Defendant CRABTREE, his accomplices and co-conspirators from stalking of LEVY and LEVY's child;

ii.     Upon hearing, a temporary injunction as fully set forth above prohibiting Defendant CRABTREE, his accomplices and co-conspirators from further violations of 18 U.S.C. 1961 *et seq.*, 18 U.S.C. 2511, and the Texas Penal Code as set forth above.

iii.    Upon final trial, judgment against the defendant for full permanent injunctive relief, and for the full amount of LEVY's actual and exemplary damages including, but not limited to, the injury sustained in consequence of CRABTREE, his accomplices and co-conspirators' organized criminal violations of 18 U.S.C. 1961 *et seq.*, 18 U.S.C. 2511, and the Texas Penal Code.

iv.     Actual, exemplary, and treble damages as proven at trial;

v.      Prejudgment interest as provided by law;

vi.     Postjudgment interest as provided by law;

vii.    LEVY's reasonable and necessary attorney's fees in prosecuting its claims through trial, and if necessary, through appeal.

viii.   All costs of suit; and

ix.     Such other and further relief, at law and in equity, to which LEVY may show himself justly entitled.


Filed:  October 1, 2021                           Respectfully submitted:


                                                  By:____/s/ *Scott D. Levy*_____
                                                  Scott D. Levy
                                                  P. O. Box 540564
                                                  Houston, TX 77254-0564
                                                  (832) 298-3099
                                                  Levy.scott@mac.com

                                                  SCOTT D. LEVY, PLAINTIFF *PRO SE*